<table>
<tr><td>UNITED STATES JUDICIAL PANEL<br>on<br>MULTIDISTRICT LITIGATION</td><td>UNITED STATES<br>JUDICIAL PANEL ON<br>MULTIDISTRICT LITIGATION<br><br>Feb 10, 2009<br><br>FILED<br>CLERK'S OFFICE</td></tr>
</table>

**IN RE: DOREL JUVENILE GROUP, INC., STROLLER (MODEL 834) PRODUCTS LIABILITY LITIGATION**

Elizabeth Sanchez v. Wal-Mart Stores, Inc., et al.,
    E.D. California, C.A. No. 2:06-2573 )
Samantha Burson v. Dorel Juvenile Group, Inc., )
    N.D. Florida, C.A. No. 3:08-533 )

MDL No. 2019

## ORDER DENYING TRANSFER

**Before the entire Panel**[*]: Plaintiff in the action pending in the Eastern District of California has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of California. Defendants Dorel Juvenile Group, Inc. and Wal-Mart Stores, Inc., oppose centralization or, alternatively, request that the Panel stay centralization pending disposition of all pre-answer motions filed by defendants.

This litigation currently consists of two actions pending in two districts, one action each in the Eastern District of California and the Northern District of Florida.[1]

On the basis of the papers filed and hearing session held, we find that Section 1407 centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Inasmuch as this litigation involves only two actions, and plaintiffs share counsel, movant has failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 centralization of this docket at this time. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

---

[*] Judge Hansen did not participate in the disposition of this matter.

[1] An additional action was pending in the District of Massachusetts when plaintiff's Section 1407 motion was filed. That action has been dismissed without prejudice.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen[*] |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |